IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RYAN STROUP,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CINDY DAVIS,<br><br>Respondent. | Case No. 1:24-CV-01073-BMB<br><br>JUDGE BRIDGET MEEHAN BRENNAN<br><br>MAGISTRATE JUDGE<br>JENNIFER DOWDELL<br>ARMSTRONG<br><br>**REPORT & RECOMMENDATION** |

## I. INTRODUCTION

Petitioner, Ryan Stroup ("Mr. Stroup"), seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Mr. Stroup was sentenced to a term of 52 and a half years to life after pleading guilty to aggravated murder, kidnapping, aggravated robbery, tampering with evidence, gross abuse of a corpse, improperly handling firearms in a motor vehicle, and violating a protective order.

Mr. Stroup asserts four grounds for relief. Respondent, Warden Cindy Davis ("Warden"), filed an answer/return of writ on September 26, 2024. (ECF No. 6). Mr. Stroup did not file a traverse. This matter was referred to me on August 21, 2024 under Local Rule 72.2 to prepare a report and recommendation on Mr. Stroup's petition. (*See* ECF non-document entry dated August 21, 2024). For the reasons set forth below, I recommend that Mr. Stroup's petition be DISMISSED and/or DENIED. I further recommend that the Court not grant Mr. Stroup a certificate of appealability.

1

## II. PROCEDURAL HISTORY

### A. State Court Guilty Plea

On February 4, 2021, Mr. Stroup was indicted in the Ashland County Court of Common Pleas on: (1) two unspecified-felony counts of aggravated murder in violation of O.R.C. §§ 2903.01(A), 2903.01(B), and/or 2929.02(A); (2) three first-degree felony counts of kidnapping in violation of O.R.C. §§ 2905.01(A)(2), 2905.01(A)(3), 2905.01(B)(1), and/or 2905.01(C)(1); (3) two first-degree felony counts of aggravated robbery in violation of O.R.C. §§ 2901.01(A)(1), 2911.01(A)(3), and/or 2911.01(C); (4) one third-degree felony count of tampering with evidence in violation of O.R.C. §§ 2921.12(A)(1) and 2921.12(B); (5) one fifth-degree felony count of gross abuse of a corpse in violation of O.R.C. §§ 2927.01(B) and 2927.01(C); (6) one fourth-degree felony count of improperly handling firearms in a motor vehicle in violation of O.R.C. §§ 2923.16(B) and 2923.16(I); and (7) one third-degree felony count of violating a protective order in violation of O.R.C. §§ 2919.27(A)(1) and 2919.27(B)(4). (ECF No. 6-1, Exhibit 1). The aggravated murder, kidnapping, and aggravated robbery counts carried firearm specifications. The aggravated murder counts further included specifications under O.R.C. § 2929.04(A)(7) that, if proven, would have made Mr. Stroup eligible for the death penalty. On February 18, 2021, the trial court provided notice to the Ohio Supreme Court that the charges against Mr. Stroup contained potential death penalty specifications. (ECF No. 6-1, Exhibit 2).

On February 9, 2021, Mr. Stroup pled not guilty to the charges. (ECF No. 6-1, Exhibit 3). On January 28, 2022, Mr. Stroup withdrew his plea of not guilty and pled guilty to all charges in return for an agreed aggregate sentence of 52 and a half years to life. (ECF No. 6-1. Exhibit 9). The State also agreed to dismiss the death penalty specifications to the aggravated murder charges. In the plea agreement, Mr. Stroup expressly waived his right to

2

challenge his convictions and sentences "in any way, whether by direct appeal or collateral litigation (State or Federal)." (ECF No. 6-1, Exhibit 7, ¶ 15). On January 28, 2022, the trial court sentenced Mr. Stroup to the agreed sentence of 52 and a half years to life. (ECF No. 6-1, Exhibit 10). Mr. Stroup did not file a direct appeal.

### B. Motion for Modification of Sentence

On May 2, 2024, Mr. Stroup, acting *pro se*, filed a motion in the trial court for modification of his sentence, asking the court to reduce his sentence and to run his sentences on the various counts concurrently. (ECF No. 6-1, Exhibit 12). Mr. Stroup argued that he was entitled to modification because he had a history of mental health issues and substance abuse, and because he had a limited prior criminal history. Mr. Stroup further argued that he received the ineffective assistance of trial counsel. On May 6, 2024, the trial court denied Mr. Stroup's motion. (ECF No. 6-1, Exhibit 14). The record does not indicate that Mr. Stroup filed an appeal of the trial court's ruling.

### C. Federal Habeas Action

On June 18, 2024, Mr. Stroup, acting *pro se*, filed his 28 U.S.C. § 2254 habeas petition. (ECF No. 1). Mr. Stroup's habeas petition raises the following grounds for relief:

1. Mr. Stroup's Mental Health Issues.

   Supporting Facts: Mr. Stroup has been diagnosed with Depression, Anxiety, PTSD, and Bipolar disorder. He has suicidal ideations and wanted to take his own life after this tragic incident occurred. His mental health and severe alcoholism mixed with his prescription medication and the Benzos (Klonopin) was not taken into consideration for sentencing.

2. Mr. Stroup's Substance Abuse

   Supporting Facts: Mr. Stroup is a severe alcoholic and started drinking at the age of 15, in the 9th grade. Mr. Stroup has been in Glenbeigh, which is an inpatient treatment for drug and alcohol, twice. He stayed 30 days on each occasion, Mr. Stroup's mother realizes that he needed more at that time but unfortunately his insurance only covered 30 days. Counsel never brought this up to the court and

3

never considered Mr. Stroup for a drug program or alternative other than prison that he could have benefited from. Mr. Stroup mother noticed a downfall during COVID lockdown when he began abusing his prescription medication for Depression.

3. Aberrant Behavior

    Supporting Facts: This mitigating factor is applicable because the defendant had little criminal history (misdemeanors) before this instant offense. This act can be shown to have been wildly out of character with Mr. Stroup's otherwise law-abiding life. This was way out of character for him, and he continues to have the full support of his family.

4. Ineffective Counsel

    Supporting Facts: Counsel did not present any character witnesses for Mr. Stroup, even though they were available and ready. There was no physical evidence on Mr. Stroup, Mr. Stroup cooperated with the police as soon as he was arrested, his statements never changed. Counsel failed to bring up the fact that Mr. Stroup has a substance abuse problem, and this crime was in fact committed due to him being under the influence. Counsel failed to bring up the fact that Mr. Stroup has mental health issues and has in fact been in Glenbeigh in Ohio twice. Counsel failed to ask for inpatient treatment for Mr. Stroup, based on medical records he would have benefitted from. Counsel failed to object to the interrogation by Mr. Stroup. When he was found in the motel, Mr. Stroup was drunk and under the influence of Psychiatric drugs. Mr. Stroup blacked out and had trouble remembering events and timelines. Counsel did not argue that Mr. Stroup was still drunk when he spoke with the first 2 detective (and he was still trying to piece that night together since he was blacked out). Mr. Stroup fully cooperated with the police and told them where to find the victim. Mr. Stroup is very remorseful and has overwhelming guilt for what he has done, but this sentence is illegal due to his mental health issues and his substance abuse. As well as the illegal interrogation while he was drunk and under the influence of drugs.

*Id*. The Warden filed an answer/return of writ on September 26, 2024. (ECF No. 6). Mr. Stroup did not file a traverse, so I entered an order on December 4, 2024 establishing a final deadline of December 23, 2024 for him to do so. (*See* ECF non-document entry dated December 4, 2024). I also informed Mr. Stroup that if he did not file a traverse on or before that date, I would proceed to consider his petition. Mr. Stroup did not file a traverse by December 23, 2024 and has not filed a traverse to date.

4

**III. STANDARDS OF REVIEW AND GOVERNING LAW**

    A. <u>Jurisdiction</u>

28 U.S.C. § 2254(a) authorizes this court to entertain an application for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him[.]" 28 U.S.C. § 2241(d). The Ashland County Court of Common Pleas sentenced Mr. Stroup, and the Court takes judicial notice that Ashland County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Mr. Stroup's § 2254 petition.

    B. <u>Exhaustion and Procedural Default</u>

Under AEDPA, state prisoners must exhaust all possible state remedies, or have no remaining state remedies, before a federal court can review a petition for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In other words, "the highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). It "does not require pursuit of a state remedy where such a pursuit is clearly futile." *Wiley v. Sowders*, 647 F.2d 642, 647 (6th Cir. 1981).

5

Procedural default is a related but "distinct" concept from exhaustion. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). It occurs when a habeas petitioner fails to obtain consideration of a federal constitutional claim by state courts because he failed to: (1) comply with a state procedural rule that prevented the state courts from reaching the merits of the petitioner's claim; or (2) fairly raise that claim before the state courts while state remedies were still available. *See generally Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87 (1977); *Engle*, 456 U.S. at 125 n.28; *Williams*, 460 F.3d at 806. In determining whether there has been a procedural default, the federal court looks to the last explained state-court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991); *Combs v. Coyle*, 205 F.3d 269, 275 (6th Cir. 2000). A claim is fairly presented when it has been asserted as a federal constitutional issue at every stage of the state court review process. *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 285 (6th Cir. 2010); *Williams*, 460 F.3d at 806.

### C. Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Glaze v. Morgan,* No. 1:19-CV-02974, 2022 WL 467980, at *4 (N.D. Ohio Jan. 18, 2022) (quoting *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991)). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").

A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610,

614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quotation omitted). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

D. **AEDPA Standard of Review**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(*Id.*)

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst*, 501 U.S. at 804 ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court

arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.*

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341-42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by

clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) is meant only to stop short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Id.* at 103. "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id.* Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

## IV. ANALYSIS

### A. Statute of Limitations

AEDPA imposes a one-year statute of limitations upon all applications seeking a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petitioner's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). The one-year limitations period begins to run from the latest of four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

9

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Cases become final for purposes of § 2244(d)(1)(A) when the time to file a direct appeal has expired, including the time to file a petition for a writ of certiorari to the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Mr. Stroup was sentenced on January 28, 2022. (ECF No. 6-1, Exhibit 9). Under Ohio Rule of Appellate Procedure 4(A)(1), a defendant has 30 days to file a notice of appeal. Mr. Stroup did not appeal, which means his conviction became final on February 28, 2022, when his deadline to appeal expired. Mr. Stroup has not argued that a later start date applies. Accordingly, Mr. Stroup needed to file his habeas petition by February 28, 2023. However, he did not file his petition until June 18, 2024, more than a year later. (ECF No. 1).

§ 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Accordingly, "[t]he one-year period of limitations is tolled" while a properly filed application state post-conviction or other collateral review is pending. *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 459 (6th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).

On May 2, 2024, Mr. Stroup filed a motion in the trial court to modify his sentence. (ECF No. 6-1, Exhibit 12). However, it is well-settled that statutory tolling under § 2244(d)(2) "does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve

10

to pause a clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quotation omitted); *see also Keeling*, 673 F.3d at 462 ("Because the one year statute of limitations period had already expired when Keeling filed the motion, statutory tolling does not apply."). Because the statute of limitations had already expired by the time Mr. Stroup filed his motion to modify his sentence, it cannot serve to toll the limitations period. Mr. Stroup has not argued that he is entitled to tolling on any other grounds or that a later start date should apply, and his petition is accordingly untimely.

AEDPA's one-year statute of limitations is not jurisdictional, and a court may still entertain an untimely petition if the petitioner is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). If a petitioner seeks equitable tolling, he must show that: (1) he pursued his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citing *Holland*, 560 U.S. at 649); Mr. Stroup has not argued that he is entitled to equitable tolling, and no basis for equitable tolling appears in the record. Moreover, while "actual innocence, if proved, serves as a gateway through with a petitioner may pass" notwithstanding the one-year statute of limitations under AEDPA, *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), Mr. Stroup does not argue that he is actually innocent of the charged offenses. I therefore recommend that the Court dismiss Mr. Stroup's petition because it is untimely. In an abundance of caution, however, I will consider Mr. Stroup's claims on the merits as well.

B. <u>Merits</u>

*1. Grounds One Through Three: Failure to Consider Mitigating Evidence*

In his first three grounds for relief, Mr. Stroup argues that the trial court erred in imposing his sentence because the trial court failed to consider certain mitigating factors, including Mr. Stroup's mental health problems, substance abuse issues, and relatively minor

11

prior criminal history. The Warden responds that Mr. Stroup's arguments raise state law issues that are not cognizable in a habeas proceeding. I agree.[1]

As noted above, "federal habeas corpus relief does not lie for errors of state law." *Estelle*, 502 U.S. at 67. Rather, "it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). Accordingly, "[c]ourts have consistently held that a habeas petitioner cannot challenge the interpretation and application of Ohio's sentencing laws because 'a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.'" *Fritz v. Fender*, No. 1:23 CV 00221, 2023 WL 7474054, at *1 (N.D. Ohio Oct. 23, 2023) (citing *Croce v. Miller*, No. 1:15-CV-1758, 2017 WL 3394046, at *22 (N.D. Ohio July 12, 2017)); *see also Taeusch v. Sloan*, No. 1:19-cv-282, 2022 WL 409266, at *3 (N.D. Ohio Feb. 10, 2022) (holding that a "legal challenge relating to mitigating factors for sentencing under Ohio law" is not cognizable on habeas review); *Crawford v. Foley*, No. 1:22-cv-1096, 2023 WL 6131059, at *11 (N.D. Ohio Aug. 31, 2023) (holding that petitioner did not raise cognizable claim by alleging that trial court trial court erred in weighing sentencing factors), *report and recommendation adopted*, 2023 WL 6129950 (N.D. Ohio Sept. 19, 2023).

Moreover, "[t]o the extent that [Mr. Stroup] asserts that the Ohio trial court had a due process obligation under the U.S. Constitution to follow Ohio sentencing law . . . [he] has failed to state a cognizable federal habeas claim." *Crawford*, 2023 WL 6131059 at *11. Indeed, "[s]imply inserting due process and equal protection language into a ground for relief

---

[1] Mr. Stroup did not file a direct appeal of his sentence and did not file an appeal from the trial court's denial of his motion to modify his sentence. However, the Warden has not argued that Mr. Stroup failed to exhaust that he procedurally defaulted on them. I decline to consider potential exhaustion and procedural default issues *sua sponte*.

does not make it cognizable on federal habeas review." *Chapman v. Bracy*, No. 1:18CV00775, 2019 WL 11461784, at *17 n.9 (N.D. Ohio June 25, 2019), *report and recommendation adopted*, 2020 WL 6481831 (N.D. Ohio Nov. 4, 2020). I therefore recommend that the Court dismiss Mr. Stroup's first three grounds for relief because they are not cognizable.

### *2. Ground Four: Ineffective Assistance of Counsel*

In his fourth and final ground for relief, Mr. Stroup asserts that he received the ineffective assistance of trial counsel. Mr. Stroup argues that his counsel was ineffective in a number of respects, including failing to: (1) present character witnesses; (2) raise Mr. Stroup's substance abuse problems and mental health issues as mitigating factors; (3) request that Mr. Stroup receive inpatient treatment; and (4) challenge the legality of Mr. Stroup's interrogation.

The Warden first argues that, by entering an unconditional guilty plea, Mr. Stroup waived his challenge to any alleged constitutional violations that predated the plea. I agree. "Generally, a voluntary and unconditional guilty plea 'bars any subsequent non-jurisdictional attack on the conviction." *United States v. Corp*, 668 F.3d 379, 384 (6th Cir. 2012) (internal quotations omitted). This is so because:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973). "[A]fter the entry of an unconditional plea, a defendant may only attack the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir. 2012). Mr. Stroup is thus barred from challenging any alleged pre-plea ineffective assistance of counsel, including

13

counsel's failure to challenge the legality of Mr. Stroup's interrogation.

Mr. Stroup also argues that his trial counsel was ineffective at the sentencing phase in failing to present mitigating evidence, secure character witnesses, or argue that Mr. Stroup should receive inpatient treatment. While the sentencing phase postdated Mr. Stroup's guilty plea, the Warden argues that Mr. Stroup waived these arguments as well through his plea agreement. The Warden notes that the plea contained a provision stating that Mr. Stroup "knowingly, intelligently, and voluntarily waives his constitutional, statutory and procedural rights to challenge in any way, whether by direct appeal or collateral litigation (State or Federal), the convictions and sentences imposed pursuant to the terms of this Plea Agreement." (ECF No. 6-1, Exhibit 7, ¶ 15).

The Warden cites several cases from within the Sixth Circuit for the proposition that a defendant may waive his right to appeal or to bring a collateral challenge his sentence. (ECF No. 6, PageID # 58-59). Each of those cases, however, involved a prisoner in federal custody bringing a direct appeal or asserting a claim under 28 U.S.C. § 2241 or 28 U.S.C. § 2255. *See United States v. Shucker*, No. 24-1359, 2024 U.S. App. LEXIS 23166 (6th Cir. Sept. 11, 2024) (direct appeal); *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) (§ 2255 petition); *Trammell v. Barnhart,* No. 6:18-CV-192-CHB, 2018 WL 3732673 (E.D. Ky. Aug. 6, 2018) (§ 2241 petition brought by prisoner in federal custody).

The Sixth Circuit does not appear to have addressed whether a prisoner in state custody may validly waive his or her right to bring a § 2254 petition alleging that trial counsel provided ineffective assistance at the plea bargaining or sentencing phase. I need not decide that question, however, because Mr. Stroup's ineffective assistance of counsel claim is plainly without merit even assuming that he has not waived it.

14

A petitioner claiming ineffective assistance of counsel must show that: (1) counsel's representation "fell below an objective standard of reasonableness," such that he was not performing as counsel guaranteed under the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under the first prong, the petitioner must overcome the "strong[] presum[ption that counsel] rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. For prejudice, the petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. The *Strickland* standard is "extremely deferential." *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017) (quoting *Strickland*, 466 U.S. at 690). "[T]he goal is not to ensure that a criminal defendant be afforded perfect counsel, but rather 'to ensure that the adversarial testing process works to produce a just result under the standards governing decision." *Id*. (quoting *Strickland*, 466 U.S. at 687).

Here, as the Warden correctly notes, the parties agreed in the plea agreement to a sentence of 52 and a half years to life, the exact sentence that the trial court imposed. (ECF No. 6-1, Exhibit 7, ¶ 9). Because Mr. Stroup received the sentence that he agreed to in the plea agreement, he cannot show that he was prejudiced by his trial counsel's alleged failure to present mitigating evidence or to argue for a lighter sentence. *See Hawkins v. Rivard*, No. 16-1406, 2016 WL 6775952, at *5 (6th Cir. Nov. 10, 2016) (holding that petitioner could not establish prejudice under *Strickland* because he "received the sentence to which he agreed as part of his guilty plea"); *Suntoke v. Warden, Chillicothe Corr. Inst*., No. 2:15-cv-1354, 2018 WL 3708422, at *21 (S.D. Ohio Aug. 3, 2018) (trial counsel's failure to call character witnesses had no effect on sentence where parties agreed to sentence). And because Mr.

Stroup cannot demonstrate prejudice, I need not consider whether his trial counsel's performance fell below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 697 ("a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies"). As a result, Mr. Stroup's ineffective assistance of counsel claim fails, and I alternatively recommend that the Court deny Mr. Stroup's fourth ground for relief on the merits.

## V. RECOMMENDATION REGARDING CERTIFICATE OF APPEALABILITY

### A. Legal Standard

As amended by AEDPA, 28 U.S.C. § 2253(c)(1) provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "[a] 'substantial showing' requires the applicant to 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further.'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996)). The statute requires that certificates of appealability specify which issues are appealable. 28 U.S.C. § 2253(c)(3).

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a

certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.*; *see also* 28 U.S.C. § 2253(c)(3) ("The certificate of appealability under [§ 2253(c)(1)] shall indicate which specific issue or issues satisfy the showing required by [§ 2253(c)(2)]."). In light of the Rule 11 requirement that the court either grant or deny the certificate of appealability at the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

### B. Analysis

Mr. Stroup has not made a substantial showing of a denial of a constitutional right for the reasons set forth above. Because jurists of reason would not find these conclusions debatable, I recommend that no certificate of appealability issue in this case.

## VI. RECOMMENDATION

For the foregoing reasons, I RECOMMEND that the Court DISMISS and/or DENY Mr. Stroup's petition for a writ of habeas corpus under 28 U.S.C. § 2254. I also recommend that the Court not grant him a certificate of appealability.

Dated: March 20, 2025          */s/ Jennifer Dowdell Armstrong*
                                         Jennifer Dowdell Armstrong
                                         U.S. Magistrate Judge

**NOTICE TO PARTIES REGARDING OBJECTIONS**

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of**

>  **good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79

18

(6th Cir. 2019).